UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| PAUL F. WILSON, | ) |
| Plaintiff(s), | ) |
| v. | ) Case No. 1:20-cv-00226-SRC |
| KILOLO KIJAKAZI, | ) |
| Commissioner of Social Security[1], | ) |
| Defendant(s). | ) |

**<u>Memorandum and Order</u>**

Paul Wilson requests judicial review, under 42 U.S.C. § 405(g), of the final decision of the Commissioner of Social Security denying his application for disability-insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–24, and supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–85. The Court affirms the Commissioner's decision.

**I.    Procedural history**

In September 2018, Wilson filed a Title II application for disability-insurance benefits for a period of disability and a Title XVI application for supplemental security income. Tr. 104, 266–74. The Social Security Administration initially denied his application, but Wilson asked for a hearing before an Administrative Law Judge ("ALJ") and testified at the hearing. Tr. 196–200, 204–08, 104. After the hearing, the ALJ denied Wilson's application, Tr. 101–19, and the

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Kilolo Kijakazi for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Appeals Council denied Wilson's request for review, Tr. 1–7.  As such, the ALJ's opinion stands as the final decision of the Commissioner.

## II.     Decision of the ALJ

The ALJ determined that Wilson had not engaged in substantial gainful activity from his alleged onset date of November 27, 2017.  Tr. 106.  The ALJ found that Wilson has severe impairments of arthritis of the bilateral knees; degenerative spurring of the right elbow; cervical, thoracic, and lumbar degenerative disc disease; and obesity.  Tr. 106–07.  The ALJ further found that Wilson does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Tr. 107–08.

After considering the entire record, the ALJ determined that Wilson had the residual functional capacity ("RFC") to perform light work with the following limitations:  he can never climb on ladders, ropes, or scaffolds; he can occasionally climb ramps and stairs; he can occasionally balance on narrow, slippery, or erratically moving surfaces; he can occasionally stoop, crouch, and kneel, but can never crawl; he can handle objects, that is gross manipulation, frequently with the bilateral upper extremities; he can finger objects, that is fine manipulation of items no smaller than a paperclip, frequently with the bilateral upper extremities; he can bilaterally reach in all directions frequently with the upper extremities; he can have no use of hazardous machinery and no exposure to unshielded, moving mechanical parts; he can perform no driving of motor vehicles as part of the work function; he can have no exposure to unprotected heights; and he can have no exposure to extreme vibrations.  Tr. 108.

The ALJ further noted that Wilson has no past relevant work; that Wilson was 48 years old, a "younger person" aged 45–49 under the regulations, 20 C.F.R. § 416.963, when he filed

2

the application, though Wilson's age category subsequently changed to a "person closely approaching advanced age"; and that transferability of job skills was not relevant. Tr. 113–14. The ALJ concluded that, considering Wilson's age, education, work experience, and RFC, together with the finding that a significant number of jobs that Wilson can perform exist in the national economy, Wilson was not disabled. Tr. 114–16. Wilson appeals, challenging the Commissioner's decision not to order a consultative mental-health examination. Doc. 22 at pp. 9–14.

### III. Legal standard

Under the Social Security Act, an adult individual is disabled "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant has a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner follows a five-step sequential process when evaluating whether the claimant has a disability. 20 C.F.R. § 416.920(a)(1). First, the Commissioner considers the claimant's work activity. If the claimant is engaged in substantial gainful activity, the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner evaluates the evidence to determine whether the claimant has a severe "impairment [that] significantly limits [the] claimant's physical or mental ability to do basic work activities." *Hurd*

3

*v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citing 20 C.F.R. § 416.920(c)); *see also* 20 C.F.R. § 416.920(a)(4)(ii). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007) (citing *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987)); *see also* 20 C.F.R. §§ 416.920(c), 416.920a(d).

Third, if the claimant has a severe impairment, the Commissioner considers the impairment's medical severity. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. § 416.920(a)(4)(iii), (d).

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, the Commissioner assesses whether the claimant retains the RFC to perform his or her past relevant work. 20 C.F.R. §§ 416.920(a)(4)(iv), 416.945(a)(5)(i). An RFC is "defined as the most a claimant can still do despite his or her physical or mental limitations." *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011) (internal quotation marks and citation omitted); *see also* 20 C.F.R. § 416.945(a)(1). While an RFC must be based "on all relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations," an RFC is nonetheless an administrative assessment—not a medical assessment—and therefore "it is the responsibility of the ALJ, not a physician, to determine a claimant's RFC." *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016) (quoting *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009)). Thus, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). Ultimately, the claimant is responsible for *providing* evidence relating to his or her RFC and the Commissioner is responsible for

4

*developing* the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. § 416.945(a)(3). If the Commissioner determines that the claimant retains the RFC to perform past relevant work, he or she is not disabled. 20 C.F.R. § 416.920(a)(4)(iv).

Finally, if the claimant's RFC does not allow the claimant to perform past relevant work, the burden of production to show the claimant maintains the RFC to perform work that exists in significant numbers in the national economy shifts to the Commissioner. *See Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012); 20 C.F.R. § 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, the Commissioner finds the claimant not disabled. 20 C.F.R. § 416.920(a)(4)(v). If the claimant cannot make an adjustment to other work, the Commissioner finds the claimant disabled. *Id.* At this stage, even though the *burden of production* shifts to the Commissioner, the *burden of persuasion* to prove disability remains on the claimant. *Hensley*, 829 F.3d at 932.

If substantial evidence on the record as a whole supports the Commissioner's decision, the Court must affirm the decision. 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "[T]he threshold for such evidentiary sufficiency is not high." *Id*. Under this test, the Court "consider[s] all evidence in the record, whether it supports or detracts from the ALJ's decision." *Reece v. Colvin*, 834 F.3d 904, 908 (8th Cir. 2016). The Court "do[es] not reweigh the evidence presented to the ALJ" and will "defer to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence." *Id*. The Court will not

5

"reverse merely 'because substantial evidence also exists in the record that would have supported a contrary outcome, or because [the Court] would have decided the case differently.'" *KKC ex rel. Stoner v. Colvin*, 818 F.3d 364, 369 (8th Cir. 2016) (quoting *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015)).

## IV. Discussion

Wilson says that by failing to order a mental-health consultative examination to evaluate Wilson's alleged depression-like mental-health difficulties, the ALJ did not fairly and fully develop the record. Doc. 22 at p. 9. In Wilson's view, the ALJ needed this additional development to make an informed decision. *Id.* at p. 10. In support of his argument, Wilson relies on his testimony at the hearing in which he claimed to feel "down and depressed" and reported problems sleeping and concentrating, as well as on his medical records from three visits to medical providers at which Wilson complained of anxiety, depression, and thoughts of suicide. Tr. 88, 90, 82–83, 85–86, 96, 98, 158. This evidence, Wilson claims, should have compelled the ALJ to further develop the record and order a mental-health consultative examination. Instead, the ALJ found that the record did not support the existence of any of Wilson's alleged psychiatric impairments, let alone a finding that they were severe. Tr. 107 ("[T]he record does not include sufficient objective medical evidence . . . that would reasonably support the existence of the foregoing [psychiatric] impairments.").

"While an ALJ does have a duty to develop the record, this duty is not never-ending and an ALJ is not required to disprove every possible impairment." *McCoy v. Astrue,* 648 F.3d 605, 612 (8th Cir. 2011) (citing *Barrett v. Shalala,* 38 F.3d 1019, 1023 (8th Cir. 1994)). Additionally, "reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial." *Haley v. Massanari,* 258 F.3d 742, 750 (8th Cir. 2001) (quoting *Shannon v. Chater,*

6

54 F.3d 484, 488 (8th Cir. 1995)). "The ALJ is required to order medical examinations and tests *only if* the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *McCoy*, 648 F.3d at 612 (emphasis added) (citing *Conley v. Brown*, 781 F.2d 143, 146 (8th Cir. 1986)). Further, "an ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Haley*, 258 F.3d at 749–50 (quoting *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995)).

The ALJ held a hearing lasting more than an hour; and, at the time of the ALJ's decision, the record contained hundreds of pages of documents, including, among others, a psychological assessment report and hospital and outpatient visit records. Under similar circumstances, the court of appeals has held that the ALJ fairly and fully developed the record. *See, e.g.*, *Buford v. Colvin*, 824 F.3d 793, 797 (8th Cir. 2016) (ALJ did not fail to adequately develop the record regarding claimant's work-related limitations because record contained medical consultants' assessments and those "were expressly considered by the ALJ"); *Combs v. Astrue*, 243 F. App'x 200, 204–06 (8th Cir. 2007).

Several months before Wilson's visits to the doctor in which he complained of depression, Steven Akeson, Psy.D. conducted a psychological assessment and concluded that Wilson did not suffer from a mental, medically determinable impairment. Tr. 187. The consultant noted Wilson had no mental limitations, that Wilson said he can pay attention for eight hours at a time, does well with spoken instructions, and handles stress "very well." Tr. 187. The consultant took into account that Wilson reported a "slight learning curb" as well as limitations completing tasks, in concentration, and getting along with others. Tr. 187.

7

The ALJ found Dr. Akeson's opinion persuasive while at the same time noting the evidence Wilson now marshals in support of his argument. Tr. 113. The ALJ acknowledged that Wilson had added "some evidence" to the record since Dr. Akeson's review, including the medical records reflecting Wilson's complaints about his mental health, but found the additional evidence "cumulative of what was already present in the case record, and that "the additional evidence does not document an appreciable worsening in the claimant's condition since [Dr. Akeson's] findings were rendered." Tr. 113. Importantly, "nowhere does the record indicate [Wilson] is suffering from depression [or any other mental-health issue] to the extent he cannot work." *Combs*, 243 F. App'x at 205; 20 C.F.R. § 416.920(c) (A severe impairment "significantly limits your physical or mental ability to do basic work activities."). This fact supports both the Court's conclusion that the ALJ did not need to secure a mental-health consultative examination as well as the Court's conclusion, explained below, that Wilson fails to show prejudice.

As the ALJ put it, "the record does not include sufficient objective medical evidence in the form of medical signs and/or laboratory findings that would reasonably support the existence of the foregoing [psychiatric] impairments." Tr. 107. Despite complaining of mental-health issues on three occasions, the record does not document any instances of Wilson's receiving mental-health treatment, and the record belies the notion that Wilson "cannot obtain treatment" due to lack of insurance, Doc. 22 at p. 13; Tr. 127, because the record shows that Wilson was seen by doctors for his other ailments on a "sliding fee scale," *see, e.g.*, Tr. 89. *See Whitman v. Colvin*, 762 F.3d 701, 706 (8th Cir. 2014) ("While not dispositive, a failure to seek treatment may indicate the relative seriousness of a medical problem . . . and the fact that [the claimant] is under financial strain is not determinative." (internal citations and quotation marks omitted)).

8

Further, Wilson does not identify any documents related to any of his alleged mental-health difficulties missing from the record. *See Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005) (finding the ALJ did not fail to develop the record in part because "Ellis does not allege that the record is missing any relevant medical records"). And though not strictly required in this circuit, Wilson's attorney never requested a mental-health consultative examination at any time while the case was pending with the ALJ. *See Shannon*, 54 F.3d at 488 ("Although the ALJ has a duty to develop the record despite the claimant's representation by counsel, the fact that Shannon's counsel did not obtain (or, so far as we know, try to obtain) the items Shannon now complains of suggests that these [items] have only minor importance."); *see also Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997) (stating that "in a counseled case, the ALJ may ordinarily require counsel to identify the issue or issues requiring further development."). In sum, the record contained sufficient information for the ALJ to make an informed decision, and substantial evidence supports the ALJ's determination. The ALJ did not need to order further examination. *Haley*, 258 F.3d at 749–50.

Finally, even if the ALJ should have sought a mental-health consultative examination for Wilson, Wilson does not even attempt to show that the ALJ's failure to obtain such an examination prejudiced him. *Haley*, 258 F.3d at 749 (citing *Shannon*, 54 F.3d at 488). If a mental-health consultative examination had identified medically determinable impairments, Wilson offers no reason for the Court to believe that the ALJ would have considered them *severe* impairments. *See* 20 C.F.R. § 416.920(c). In other words, Wilson makes no attempt to show that obtaining a mental-health consultative examination would have changed the ALJ's determination. *Combs*, 243 F. App'x at 206 ("Combs did fail to show how he might have been

9

prejudiced by any omission."). Thus, Wilson fails to show prejudice, and his argument fails on this basis as well.

## V.     Conclusion

This Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and supported by substantial evidence. It does not substitute its own judgment for that of the ALJ. *McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010) (citing *England*, 490 F.3d at 1019). Having found that substantial evidence supports the ALJ's conclusions and that the ALJ applied correct legal standards, this Court affirms the ALJ's decision.

Accordingly, the Court affirms the decision of the Commissioner and dismisses Wilson's Complaint with prejudice. A separate judgment accompanies this Memorandum and Order. The Court directs the Clerk of Court to amend the case name and caption to reflect the substitution of Kilolo Kijakazi as Defendant in this suit.

So Ordered this 16th day of March 2022.

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE